## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JASON OMAR BAILEY,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, TRANS UNION
LLC, and INDEPENDENT BANK,

     Defendant.

Case No.

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JASON OMAR BAILEY, (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), TRANS UNION LLC (hereinafter "Trans Union"), and INDEPENDENT BANK (hereinafter "Independent Bank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

### PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively the "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Manatee County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.    Independent Bank is an FDIC insured state-chartered bank headquartered at 5050 Poplar Avenue, Memphis, Tennessee 38157 that conducts business in the State of Florida.

17.    Independent Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    Independent Bank furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

19.    Plaintiff had a credit account with Independent Bank for an auto loan.

20.    Plaintiff made timely payments throughout the life of the loan.

21.    In or about February 2022, Plaintiff refinanced the auto loan and obtained a payoff check that was issued to Independent Bank.

22.    On or about March 29, 2022, Independent Bank received the payoff in the amount of $44,867.31 and applied it to partial account number 58345100000004**** leaving a zero balance.

23.    On or about February 27, 2023, Plaintiff obtained a copy of his Equifax and Trans Union credit reports. Upon review, Plaintiff observed that Trans Union was reporting several names, addresses, phone numbers, and inquiries which were incorrect or did not belong to him. Further, Equifax and Trans Union were reporting the Independent Bank, account number ending in x5100 ("Independent Bank Account"), with a status of "Paid. Closed.", but with a payment history of 30 days past due as of March 2022.

24.    In response to the inaccurate reporting, on March 27, 2023, Plaintiff mailed written dispute letters to Equifax and Trans Union. In the dispute letter, Plaintiff advised several names, addresses, phone numbers, and inquiries were being reported by Trans Union which were incorrect or did not belong to him and needed to be deleted. Further, he explained that the Independent Bank Account should be listed as closed, paid as agreed with a zero balance. To confirm his identity, a copy of his driver's license was included. Also, in this letter, Plaintiff provided images of

the erroneous credit reporting and a copy of his Independent Bank account ledger showing payment was received in March 2022 and left a zero balance.

25.    Plaintiff mailed his written dispute letter to via USPS Certified Mail to Equifax (7022 0410 0001 6255 3349) and Trans Union (7021 2720 0002 9502 5682).

26.    On or about April 22, 2023, Trans Union responded to Plaintiff's written dispute letter by stating that the Independent Bank Account was verified as accurate.

27.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Independent Bank.

28.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

29.    Upon information and belief, Trans Union notified Independent Bank of Plaintiff's dispute. However, Independent Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

30.    Despite confirmation of delivery on March 31, 2023, Plaintiff never received dispute results in the mail from Equifax.

31.    Equifax failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

32.    Upon information and belief, Equifax notified Independent Bank of Plaintiff's dispute. However, Independent Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

33.    On or about May 8, 2023, Plaintiff obtained an updated copy of his Trans Union credit report. Upon review, Plaintiff observed several names, addresses, phone numbers, and inquiries which were incorrect or did not belong to him were still being reported. Further, the Independent Bank Account continued to be inaccurately reported with a status of "Paid. Closed: was 30 days past due date". Such reporting by Trans Union negatively affected Plaintiff's credit.

34.    On or about May 14, 2023, Plaintiff obtained an updated copy of his Equifax credit report. Upon review, Plaintiff observed the Independent Bank Account continued to be reported as "Paid and Closed" with a delinquent payment in March 2022 and an account status of "Not_More_Than_Two_Payments_Past_Due". Equifax's continued inaccurate reporting negatively affected Plaintiff's credit.

35.    In response to the continued inaccurate reporting, on May 23, 2023, Plaintiff mailed a second written dispute letter to Trans Union. In the dispute letter, Plaintiff advised that Trans Union was still reporting several names, addresses, phones numbers, and inquiries which were incorrect or did not belong to him and

needed to be deleted. Further, he explained again that the Independent Bank Account should be listed as closed, paid as agreed with a zero balance. To confirm his identity, a copy of his driver's license and Social Security card was included. Also, in this letter, Plaintiff provided images of the erroneous credit reporting, images of the results from his previous dispute, a copy of his Independent Bank account ledger showing payment was received in March 2022 and left a zero balance, and a copy of an email dated March 30, 2022, from Karen Bailey at Independent Bank stating his payment was posted to his account as payment in full.

36.    Plaintiff mailed his written dispute letter to via USPS Certified Mail to Trans Union, tracking number 7021 2720 0002 9502 5682.

37.    Trans Union fail to conduct an independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

38.    Upon information and belief, Equifax notified Independent Bank of Plaintiff's dispute. However, Independent Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

39. On June 27, 2023, Plaintiff viewed his Trans Union credit report and observed that the Independent Bank Account continued to be reported with a pay status of "Paid, Closed; was 30 days past due date".  Plaintiff was not late.

40.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Independent Bank.

41.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

42.    Due to the continued inaccurate reporting, on July 3, 2023, Plaintiff mailed another written dispute letter to Equifax and Trans Union. Plaintiff again explained that Trans Union was still reporting incorrect names, addresses, phone numbers, and inquiries which needed to be removed. Further, Plaintiff reiterated that the Independent Bank Account should be listed as closed, paid as agreed with a zero balance. To confirm his identity, a copy of his driver's license and Social Security card was included. Also, in this letter, Plaintiff provided images of the erroneous credit reporting, images of the previous Trans Union dispute results, a copy of his Independent Bank account ledger showing payment was received in March 2022 and left a zero balance, and a copy of an email dated March 30, 2022, from Karen Bailey at Independent Bank stating his payment was posted to his account as payment in full.

43.    Plaintiff mailed his written dispute letter via USPS Certified Mail to Equifax (7021 2720 0002 9502 5750) and Trans Union (7021 2720 0002 9502 5743).

44.     On July 26, 2023, Equifax responded to Plaintiff's written dispute letter by stating that the Independent Bank Account verified that the "status is being reported correctly".

45.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Independent Bank.

46.     Equifax never attempted to contact Plaintiff during the alleged investigation.

47.     Upon information and belief, Equifax notified Independent Bank of Plaintiff's dispute. However, Independent Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

48.     Despite confirmation of delivery on July 6, 2023, Plaintiff never received dispute results in the mail from Trans Union.

49.     Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

50.     Upon information and belief, Trans Union notified Independent Bank of Plaintiff's dispute. However, Independent Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

51.    Feeling defeated with the continued inaccurate reporting, on November 7, 2023, Plaintiff sent yet another written dispute letter to Equifax and Trans Union. In the letter, Plaintiff again reiterated that the Independent Bank Account should be listed as closed, paid as agreed with a zero balance. To confirm his identity, a copy of his driver's license and Social Security card was included. Also, in this letter, Plaintiff provided images of the erroneous credit report, images of the previous dispute results, a copy of his Independent Bank account ledger showing payment was received in March 2022 leaving a zero balance, and a copy of an email dated March 30, 2022, from Karen Bailey at Independent Bank stating his payment was posted to his account as payment in full.

52.    Plaintiff mailed his written dispute letter to via USPS Certified Mail to Equifax (9589 0710 5270 0556 6830 51) and Trans Union (9589 0710 5270 0556 6830 44).

53.    Despite delivery confirmation, Plaintiff never received dispute results from both Equifax and Trans Union. On December 11, 2023, Plaintiff obtained copies of his Equifax and Trans Union credit report. Upon review, the Independent Bank Account continued to be reported with a pay status of Paid and closed with a past due remark.

54.    Both Equifax and Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Independent Bank.

55.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

56.    Upon information and belief, Trans Union notified Independent Bank of Plaintiff's dispute. However, Independent Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

57.    On December 19, 2023, Plaintiff obtained an updated copy of his Equifax credit report. Upon review, Plaintiff observed that although the Independent Bank Account payment chart no longer showed a late payment, Equifax continued to report an inaccurate status of "no more than two late payments".

58.    On December 19, 2023, Plaintiff attempted to obtain a copy of his Trans Union credit report and was unable to due to an open dispute investigation request.

59.    Due to the continued inaccurate reporting by Equifax and presumably on Trans Union, on December 27, 2023, Plaintiff sent yet another written dispute letter to Equifax and Trans Union. In the letter, Plaintiff again reiterated that the Independent Bank Account should be listed as closed, paid as agreed with a zero balance. To confirm his identity, a copy of his driver's license and Social Security

card was included. Also, in this letter, Plaintiff provided images of the erroneous credit report, images of the previous dispute results, a copy of his Independent Bank account ledger showing payment was received in March 2022 leaving a zero balance, and a copy of an email dated March 30, 2022, from Karen Bailey at Independent Bank stating his payment was posted to his account as payment in full.

60.    Plaintiff mailed his written dispute letter to via USPS Certified Mail to Equifax (9589 0710 5270 1196 7890 11) and Trans Union (9589 0710 5270 1196 7890 28).

61.    On or about January 2, 2024, Plaintiff received confirmation of delivery of his Trans Union dispute letter. On or about January 9, 2024, Plaintiff contacted Trans Union by phone and spoke with a representative who stated the Independent Bank Account was verified as accurate.

62.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Independent Bank.

63.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

64.    Upon information and belief, Trans Union notified Independent Bank of Plaintiff's dispute. However, Independent Bank failed to conduct a reasonable

investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

65.     Although Plaintiff has confirmation of delivery on January 2, 2024, as of the filing of this Complaint, Plaintiff has not received dispute results in the mail from Equifax.

66.     Despite providing Equifax and Trans Union with all the relevant information needed to prove the Independent Bank Account was closed and paid as agreed with a zero balance, Equifax and Trans Union continued to report the disputed Independent Bank Account inaccurately. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

67.     As of the filing of this Complaint, Equifax and Trans Union continue to report negative information on Plaintiff's credit report regarding the Independent Bank Account.

68.     Defendants have never attempted to contact Plaintiff about any of his multiple disputes, and he continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation.

69.     As a result of the actions and/or inactions of Defendants, Plaintiff has suffered damage to his credit score.

70.     As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii. Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv. Reduction in credit score; and

v. Apprehensiveness to apply for new credit due to the fear of rejection.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

71. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

72. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to

**Defendant, Equifax Information Services LLC (Willful)**

77.    Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

78.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

80.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

81.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

82.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

83.     Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

84.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

85.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

86.    Plaintiff repeatedly provided Equifax with the information it needed to confirm that the payment status should be shown as "closed, paid as agreed" with a zero balance, including but not limited to bank account records showing the payoff check had cleared and relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

87.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

89.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

90.    Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

91.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

92.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

93.    Plaintiff repeatedly provided Equifax with the information it needed to confirm that the payment status should be shown as "closed, paid as agreed" with a zero balance, including but not limited to bank account records showing the payoff

check had cleared and relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

94.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

97.    Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

98.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

99.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

100.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

101.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

102.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

103.   Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

104.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

105.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

106.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

108. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **COUNT VII**
### **Violation of 15 U.S.C. § 1681i as to**
### **Defendant, Trans Union LLC (Negligent)**

109. Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

110. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

111.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

112.  Plaintiff repeatedly provided Trans Union with the information it needed to confirm that the payment status should be shown as "closed, paid as agreed" with a zero balance, including but not limited to bank account records showing the payoff check had cleared and relevant supporting documents. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

113.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

114.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

115.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

116.   Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

117.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

118.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

119.   Plaintiff repeatedly provided Trans Union with the information it needed to confirm that the payment status should be shown as "closed, paid as agreed" with a zero balance, including but not limited to bank account records showing the payoff check had cleared and relevant supporting documents. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

120.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

122.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

123.    Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

124.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

125.    Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

126.    Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

127.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

130.   Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

131.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

132.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

133.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

134.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

136.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XI
**Violation of 15 U.S.C § 1681s-2(b) as to**

**Defendant, Independent Bank (Negligent)**

137.   Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

138.   Independent Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

139.   After receiving Plaintiff's disputes, Independent Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the Independent Bank Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

140.   Plaintiff provided all the relevant information and documents necessary for Independent Bank to have identified that the account status was inaccurate.

141.   Independent Bank knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

142.   Independent Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

143.   As a direct result of this conduct, action, and/or inaction of Independent Bank, Plaintiff suffered damages, including without limitation, loss of ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

144. The conduct, action, and inaction of Independent Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

145. Plaintiff is entitled to recover costs and attorney's fees from Independent Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual damages against Defendant, INDEPENDENT BANK, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Independent Bank (Willful)

146. Plaintiff re-alleges and incorporates paragraphs (1) through seventy (70) above as if fully stated herein.

147. Independent Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

148.   After receiving Plaintiff's disputes, Independent Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the Independent Bank Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

149.   Plaintiff provided all the relevant information and documents necessary for Independent Bank to have identified that the account status was inaccurate.

150.   Independent Bank knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

151.   Independent Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

152.   As a direct result of this conduct, action, and/or inaction of Independent Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

153.  The conduct, action, and inaction of Independent Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

154.  Plaintiff is entitled to recover costs and attorney's fees from Independent Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, INDEPENDENT BANK, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JASON OMAR BAILEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, and INDEPENDENT BANK, jointly and severally;

attorneys' fees and costs; prejudgment and post-judgment interest at the judgment

rate; and such other relief the Court deems just and proper.

DATED this 26th day of January 2024.

Respectfully submitted,

***/s/Octavio Gomez***
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*